**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOAN A. BANNISTER,

        Plaintiff,

v.                          Case No:   6:23-cv-2192-WWB-LHP

LOURDES I. DIAZ, CHRISTINE CHOONG, DIRECTOR OF CRIMINAL DIVISION and WENDY MELGAR,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT (Doc. No. 5)**
>
> **FILED:** March 27, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff has filed a "Motion for Default" which appears to be a fill in the blank form from state court.   Doc. No. 5.   The information contained in the blanks is in a font so small that it is largely unreadable, but it appears that Plaintiff is claiming

that she hand-delivered a "Petition" or document to "Respondent," and therefore requests the entry of a clerk's default based on the unknown "Respondent's" failure to respond. *Id.* However, Plaintiff has brought her claims against four (4) separate Defendants, and the motion does not provide any further detail. In addition, the motion fails to comply with Local Rule 3.01(a) as it does not include a memorandum of legal authority in support. In particular, Plaintiff's motion does not explain how she has properly effectuated service on one or more of the four (4) Defendants, nor provides any legal authority demonstrating that hand-delivering some unspecified "Petition" or document to some unknown entity at an unspecified location sufficiently establishes service in compliance with the Federal Rules of Civil Procedure or governing state law. *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

For these reasons, the motion (Doc. No. 5) is **DENIED WITHOUT PREJUDICE.** The Court reminds Plaintiff that her *pro se* status does not absolve her from her duty to litigate her case, to respond to discovery as appropriate, and to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil

Procedure."), *cert. denied*, 493 U.S. 863 (1989).  Any renewed motion must comply with all applicable federal, state, and Local Rules, and must establish, with citation to relevant legal authority, that service on Defendants was proper.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties